| | |
|---|---|
| 1 | JOSEPH W. CHARLES, P.C.<br>5704 West Palmaire Avenue |
| 2 | P.O. Box 1737<br>Glendale, Arizona 85311-1737 |
| 3 | 623-939-6546<br>Joseph W. Charles, # 003038 |
| 4 | Attorney for Debtor<br>Email: attyjcharles@joecharles.com |

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| RICHARD GENE MOY and, | ) | Case No. 2:09-bk-09582 EWH |
| MICHELLE A. MOY | ) | |
| | ) | |
| | ) | DEBTORS' AMENDED RESPONSE |
| | ) | TO TRUSTEE'S OBECTION TO |
| Debtors. | ) | PROPERTY CLAIMED EXEMPT |
| | ) | |

Comes now the Debtors, by and through Counsel Undersigned, and amends their responses to Trustee's objections to Debtors' claimed exemptions on Schedule C.

Property:  Real Property 16071 W. Washington Goodyear, AZ
Exemption Law:  A.R.S. §33-1101(A)
Value Exempt:  $20,000.00

Debtor responds that:
This is the only real property for which equity exists and thus is the sum total of all the homestead exemptions claimed in this preceding. The property at 15714 W. Hilton Ave. is worth $158,000 and $258,000 is still owed on the liens. Thus, there is no equity. Because there is no equity, no exemption is being claimed.

Property:  Wells Fargo Checking and Savings Accounts
Exemption Law:  A.R.S. §33-1126A9
Value Exempt:  $ 0.00

Debtor responds that:

| | |
|---|---|
| 1 | Debtor claimed $0.00 as an exemption in this account that had $0.00 balance at the time of filing. Therefore, there are no assets and nothing to exempt. |
| 2 | |
| 3 | Property: Desert Schools Checking Account Goodyear, AZ |
| 4 | Exemption Law: A.R.S. §33-1126A9 Value Exempt: $ 138.52 |
| 5 | |
| 6 | Debtor responds that: The statute allows $150.00 for each debtor. The amount claimed is less than the allowable amount and is therefore permitted. We were able to obtain the exact amount from the statement. |
| 7 | |
| 8 | Property: Desert Schools Savings Account Goodyear, AZ |
| 9 | |
| 10 | Exemption Law: A.R.S. §33-1126A9 Value Exempt: $ 25.06 |
| 11 | |
| 12 | Debtor responds that: The statute allows $150.00 for each debtor. There are two debtors in this action and this is the second account for which an exemption with assets is claimed. The amount claimed is less than the allowable amount and is therefore permitted. We were able to obtain the exact amount from the statement. |
| 13 | |
| 14 | |
| 15 | Property: Credit Union West Checking and Savings Accounts Goodyear, AZ |
| 16 | |
| 17 | Exemption Law: A.R.S. §33-1126A9 Value Exempt: $ 0.00 |
| 18 | |
| 19 | Debtor responds that: The amounts from these accounts are no longer claimed exempt. The exemptions were already used in the Desert Schools account and there was only $10 in this checking account and $10 in this savings account at the time of filing. |
| 20 | |
| 21 | |
| 22 | Property: Furniture and Computer Goodyear, AZ |
| 23 | Exemption Law: A.R.S. §33-1123/ A.R.S. §33-1125(7) |
| 24 | Value Exempt: $ 1250.00 |
| 25 | Debtor responds that: The furniture is itemized as follows: |
| 26 | One couch. 33-1123(2)     100 |
| 27 | 2 chairs(one recliner and one rocking chair). 33-1123(2)     125 Coffee table and 2 end tables. 33-1123(4)     45 |
| 28 | |

| | |
|---|---|
| Full-size bed. 33-1123(7) | 75 |
| King-sized bed. 33-1123(7) | 150 |
| Dresser. 33-1123(8) | 30 |
| Kitchen table with 4 chairs. 33-1123(1) | 165 |
| Television. 33-1123(11) | 100 |
| 3 lamps. 33-1123(5 and 8) | 35 |
| Radio alarm clock. 33-1123(12) | 15 |

For a total value of $840.

Due to the large discrepancy between the maximum allowed value of $8,000 and the claimed exemption of $840; Debtor asks that the additional furniture be exempt as well. Please consider the minimal value the following items would add to the estate:

| | |
|---|---|
| 2 barstools | 25 |
| Wall unit | 20 |
| 2 bookshelves | 40 |
| Love seat | 50 |
| 2 additional kitchen chairs | 10 |
| Additional television | 75 |
| 2 DVD players | 40 |
| Computer desk with chair | 75 |
| Additional portable radio | 10 |
| BBQ | 35 |
| Patio tables and chairs | 30 |

For a total value of $410.

The computer should have more accurately been claimed exempt under A.R.S. §33-1125(7). While the statute does specifically say "typewriter", the computer is the modern equivalent of the typewriter as a word-processing device. Schools no longer even teach word processing on any device other than a computer. If Trustee wishes to claim an interest in the used computer, debtor values it at no more than $100.

DATED this 7th day of August, 2009.

JOSEPH W. CHARLES, P.C.

___/s/ Joseph W. Charles___
Joseph W. Charles
5704 W. Palmaire Avenue
P.O. Box 1737
Glendale, AZ 85311
Attorney for Debtors

| | |
|---|---|
| 1 | COPY of the foregoing<br>Mailed this 7th day of |
| 2 | August 2009, to: |
| 3 | RONALD L. HOFFBAUER, 006888<br>P.O. Box 10434 |
| 4 | Phoenix, AZ 85064-0434 |
| 5 | Chapter 13 Trustee |
| 6 | /s/   P. Poniatowski |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |