Edward J. Maney, Trustee
P. O. Box 10434
Phoenix, AZ 85064
Telephone (602) 277-3776
Fax No. (602) 277-4103
ejm@maney13trustee.com

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | CHAPTER 13 BANKRUPTCY |
| | ) | |
| RICHARD MOY | ) | CASE NO.  2-09-bk-09582-EWH |
| xxx-xx-4897 | ) | |
| MICHELLE MOY | ) | TRUSTEE'S EVALUATION AND |
| xxx-xx-1541 | ) | RECOMMENDATION(S) REPORT WITH |
| | ) | NOTICE OF POTENTIAL DISMISSAL IF |
| | ) | CONDITIONS ARE NOT SATISFIED |
| Debtor(s) | ) | RE:  CHAPTER 13 PLAN |

  Edward J. Maney, Trustee, has analyzed the Debtor's Chapter 13 Plan and supporting documents and submits the following evaluation and recommendation(s):

GENERAL REQUIREMENTS:

a. Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee.

b <u>Requests by the Trustee for documents and information are not superseded by the filing of an amended Plan or motion for moratorium.</u>

c. The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an Amended or Modified Plan is filed and noticed out.

d The Trustee requires that any proposed Order Confirming Plan state, "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

e. The Trustee requires that any proposed Order Confirming Plan state:  "Debtor is instructed to remit all payments on or before the stated due date each month.  Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term.  Any funding shortfall must be cured before the Case can be discharged.  This requirement is effective regardless of Plan payments, suspensions, waivers or moratoriums, and must be included in any Plan Confirmation Orders".

-1-

Case 2:09-bk-09582-EWH  Doc 25  Filed 08/17/09  Entered 08/17/09 07:23:59  Desc
Page 1 of 4

f.   The Debtor(s) is required to provide directly to the Trustee, **within 30 days after the returns are filed,** copies of the federal and state income tax returns for every year during the duration of the Plan. This requirement is to be included in the Stipulated Order Confirming the Plan.

g.   At the time of confirmation, the Trustee will require the Debtor(s) to certify that Debtor(s) are current on all required tax filings and any domestic support orders.

h.   If Debtor(s) Plan proposes to discharge taxes not paid by the Plan, the Trustee objects to this provision. The proper procedure to determine dischargeability is through an adversary proceeding, pursuant to F.R.B.P. Rule 7001. Any proposed Order Confirming the Plan submitted by the Debtor(s) **must** specifically amend or remove this language to comply with the Bankruptcy Code and Rules.

RECOMMENDATION REQUIREMENTS:

1.   Interim Plan payments are current with payment of $248.00 due 9/6/09.

2.   The Trustee requires copies of all monthly bank and/or credit union statements for all checking and/or savings accounts Debtors maintained on the petition date.

3.   The Trustee requires an amended Chapter 7 Reconciliation as Debtor has failed to incorporate all non-exempt assets and provide sufficient funds to satisfy this obligation.

4.   The proof of claim filed by the Desert Schools FCU differs from the creditors' treatment under the Plan or is not provided for by the Plan. This discrepancy must be resolved before confirmation of the Plan. The Trustee requires: (a) the Debtor(s) file an objection to the claim (if the debt is believed to be unsecured); (b) the holder of the claim endorse the order confirming the Plan; (c) the order confirming the Plan to provide for payment of the claim pursuant to the claim; or (d) an amended Plan be filed to provide for payment on the claim. The Trustee will require debtor(s) provide written notification as to whether the discrepancy has been resolved by February 1, 2009. If resolution of the claim changes Plan funding requirements, the Trustee requires the receipt of an amended Plan analysis (Local Form 13-2) with any proposed Order confirming the Plan. If objections to the proofs of claim are timely filed by the Debtor(s), then the time to submit a proposed Order confirming the Plan to the Trustee is extended by 15 days after completion of the objections.

5.   Debtor(s) have received significant tax refunds for 2008 which if allowed to continue constitutes a diversion of disposable income. The Trustee requires Debtor to adjust payroll tax deductions to prevent over- or under-withholding, amend Schedule I increasing Plan payments accordingly, and provide two consecutive pay stubs to verify this has been corrected, or turn

<span style="text-decoration: underline">over tax returns and refunds beginning with 2009 through the duration of the Plan as</span> supplemental Plan payments.

6.   The Trustee notes that Debtor/wife is working at Honeywell International and appears to have worked at this company the whole year of 2008.  The Trustee requires this to be corrected in all future Amended Schedule I's.

7.   The Trustee requires Debtors to provide documentation to verify their value of 16071 W. Washington, Goodyear property.  The Trustee also requires clarification as to the usage of this property (i.e., rental—who is receiving the rental income—empty, etc).

8.   Debtors have ownership in a 2nd piece of property. The Trustee requires language in the Stipulated Order which states that should this property be sold prior to completion of the Plan any proceeds over and above the Chapter 7 Reconciliation funds are to be turned over to the Estate.  The Trustee also requires language which states that this real property does not vest back to the Debtors upon confirmation of the case.

9.   The Trustee notes that Debtors will need to provide additional funds to satisfy the Chapter 7 Reconciliation obligation.

If the Debtor(s) have any questions or concerns regarding this Recommendation, they should contact their attorney.  If Debtor(s) are not represented by counsel, they may contact the Case Administrator at extension 210.

The Trustee objects to the confirmation of this Plan under present condition(s).  **You are hereby advised that the Trustee may lodge an Order of Dismissal should Debtor fail to remain current in Plan payments, resolve above item(s) #2 through 9 and submit Stipulated Order Confirming to the Trustee for review and signature or request a hearing within 30 days from the date of this Trustee's Recommendation.  The Trustee reserves the right to file a Supplemental Recommendation.**

Date See Electronic Signature Block                    _____

                                                     Edward J. Maney, Trustee

Copies of the foregoing
mailed on this date See Electronic
Signature Block to:

Joseph Charles
P. O. Box 1737
Glendale, AZ   85311

Richard and Michelle Moy
15714 W. Hilton
Goodyear, AZ   85338

_____